[No. 11789. Department Two. February 3, 1914.]

THE STATE OF WASHINGTON, *on the Relation of C. H. Kiehl et al., Plaintiff*, v. I. M. HOWELL, *Secretary of State, Respondent*.[1]

STATUTES—SUBMISSION—INITIATIVE MEASURES—TIME FOR FILING— CONSTRUCTION. 3 Rem. & Bal. Code, § 4971-1, providing that measures to be submitted upon initiative petition shall be filed within ten months prior to the election, does not require filing ten months prior to the election, but limits the time within which they may be filed to "less than ten months" before election.

SAME—INITIATIVE MEASURES—TIME FOR FILING—POWER OF LEGIS-LATURE—STATUTES—CONSTRUCTION. Under the initiative and referendum amendment to the constitution (Laws 1911, pp. 137, 139), providing that petitions shall be filed with the secretary of state not less than four months before the election, and if so filed, the measure shall be submitted to the electors, and declaring that the section is self executing but that legislation may be enacted to facilitate its operation, the legislature has power to fix a reasonable time preceding the election within which a proposed measure shall be filed with the secretary of state, as an act to "facilitate" the initiative and referendum; and the fixing of ten months before the election, leaving but six months within which to complete and file the petitions, is not unreasonable.

Application filed in the supreme court January 21, 1914, for a writ of mandamus to compel the secretary of state to act upon a proposed initiative measure. Denied.

*L. E. Kirkpatrick*, for relators.

*The Attorney General* and *Scott Z. Henderson, Assistant*, for respondent.

PARKER, J.—This is a mandamus proceeding, commenced in this court, wherein the relators seek to compel the secretary of state to transmit a copy of a proposed initiative measure, filed in his office, to the attorney general, to the end that there may be formulated a ballot title thereof, as provided by the Laws of 1913, page 418, preliminary to the cir-

[1]Reported in 138 Pac. 286.

culation of, and procuring signatures to, petitions for the submission of the proposed measure to a vote of the people at the general election to be held in November, 1914. The cause is submitted to us upon the demurrer of the secretary of state to the relators' petition. From the briefs and argument of counsel, it is apparent that the secretary of state has declined to proceed as demanded by the relators, because the proposed initiative measure was filed in his office more than ten months prior to the date of the general election of 1914, which fact appears in the allegations of the relators' petition. The question here presented is: Does this fact justify the secretary of state in declining to proceed as demanded by the relators?

The initiative and referendum amendment to our constitution, adopted in 1912, provides, among other things, as follows:

"Initiative petitions shall be filed with the secretary of state not less than four months before the election at which they are to be voted upon . . . If filed at least four months before the election at which they are to be voted upon, he shall submit the same to the vote of the people at the said election. . . . All such petitions shall be filed with the secretary of state, who shall be guided by the general laws in submitting the same to the people until additional legislation shall especially provide therefor. This section is self-executing, but legislation may be enacted especially to facilitate its operation." Laws of 1911, pp. 137, 139.

The legislature of 1913 passed an act "facilitating the operation of the initiative and referendum." Laws of 1913, p. 418. That act, so far as we need here notice its provisions, reads as follows:

"Sec. 1. . . . Measures to be submitted upon initiative petition shall be filed within ten months prior to the election or the session of the legislature at which they are to be submitted. The secretary of state shall give to each such measure a serial number, using a separate series for initiative and referendum measures, respectively, and forthwith transmit to

the attorney general a copy of such measure bearing its serial number . . . (3 Rem. & Bal. Code, § 4971-1).

"Sec. 2. Within ten days after the receipt of any such measure, the attorney general shall formulate therefor and transmit to the secretary of state a ballot title of not to exceed one hundred words, bearing the serial number of such measure, which ballot title may be distinct from the legislative title of such measure, and shall express, and give a true and impartial statement of the purpose of such measure." (Id., § 4971-2.)

Then follow provisions relating to the form of and circulation of the petitions, verifying the signers to be legal voters, publication, conduct of the election, canvass of vote, etc.

It is suggested, though we do not understand it to be seriously contended, that the words "measures to be submitted upon initiative petition shall be filed within ten months prior to the election," mean that such measures shall be filed with the secretary of state more than ten months prior to the election. We are unable to see that there is any ground for so contending. The language is too plain for construction. "Within ten months" plainly means "less than ten months" before election.

It is contended by counsel for the relators that, in so far as this law thus limits the time within which an initiative measure may be filed with the secretary of state preliminary to the circulation of petitions for submission of such a measure to the people, the law is in violation of the initiative and referendum amendment to the constitution. It is first argued that the terms of that amendment, in effect, prohibit the legislature from fixing any limit upon the time within which proposed initiative measures may be filed with the secretary of state. The argument seems to be that, since the constitutional amendment provides that the petitions of the voters shall be filed with the secretary of state "not less than four months before the election;" and, "if filed at least four months before the election . . . he shall submit the same to the vote of the people," the legislature is thereby, in effect, prohibited from fixing any limit of time within which a proposed

measure may be filed and circulation of petitions thereon commenced. We cannot agree with this contention. The legislature is expressly authorized to enact laws to facilitate the initiative and referendum. It seems clear to us that a limitation upon the time within which, prior to the election, a proposed measure may be filed and the procuring of signatures of voters to the petitions commenced, is a proper subject of legislation, looking to orderly procedure and fairness to the electors. While the constitutional amendment is declared to be self-executing, it is apparent that its execution would be almost, if not wholly, impracticable without legislation of some such nature as this. It, of course, is necessary that some practical test be provided for determining whether the signers of the petitions are legal voters. It is, of course, but fair that the petitions should, so far as practical, be signed only by those who would be voters at the election. This can be secured with greater certainty by having the petitions signed as near the time of the election as practical. We all know that our electorate is not the same from year to year. We are of the opinion that it is within the power of the legislature to fix a reasonable limit of time preceding the election within which an initiative measure may be filed with the secretary of state.

It is further contended by counsel for the relators that the act is, in any event, in violation of the initiative and referendum amendment because ten months is an unreasonably short time for the preparation and circulation of petitions asking submission of a proposed initiative measure to the voters, in view of the fact that the petitions must be filed with the secretary of state at least four months before the election, leaving only six months in which to prepare, circulate and procure signatures to the petitions. We are clearly of the opinion that this is a matter of legislative discretion with which we cannot interfere; in any event, not unless a limit of time should be fixed so short as to practically destroy the right guaranteed by this constitutional amendment. Plain-

ly, six months is not an unreasonably short time for the circulation and procuring signatures to petitions.

The writ is denied.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.