[No. 15440. Department One. September 18, 1919.]

THE STATE OF WASHINGTON, *on the Relation of Frank P. Mullen, Plaintiff*, v: I. M. HOWELL, *Secretary of State, Respondent.*[1]

STATUTES (2-4)—INITIATIVE AND REFERENDUM — WHO ARE "LEGAL VOTERS." Under Rem. Code, § 4971-12, providing for the certification of the signatures of legal voters upon initiative and referendum petitions, "legal voters" include only persons having the constitutional qualifications who are registered upon the poll books and not cancelled by failure to vote; in view of Const., art. 6, § 7, authorizing a registration law, and Rem. Code, § 4771-2 enacted pursuant thereto, which provides that, in cities where registration is required, citizens are not entitled to vote if unregistered, or if, having been registered, they suffered their names to be cancelled by failure to vote.

Application filed in the supreme court July 2, 1919, for a writ of mandamus to compel the secretary of state to return referendum petitions to the several registration officers for certification of signatures. Denied.

*John F. Murphy*, for relator.

*The Attorney General* and *John H. Dunbar*, for respondent.

MACKINTOSH, J.—The relator seeks by writ of mandate to compel the secretary of state to return petitions on referendum No. 14 (the prohibition amendment to

[1]Reported in 184 Pac. 333.

the Federal constitution) to the registration officers of the various cities and towns of the state, for the purpose of having such officers certify as legal voters those signers of the petitions whose registrations had been cancelled because of their failure to vote at the last state or municipal election. It is urged that mandamus is not the proper remedy, that the question raised by the pleadings is a moot one, and that the court has no jurisdiction. While some or all of these contentions of the respondent may be correct, we prefer to leave them undiscussed here, and to rest this decision upon the merits and determine what is meant by the term "legal voters," as used in § 12, ch. 138, Laws of 1913; Rem. Code, § 4971-12. That section, referring to initiative and referendum petitions, provides:

"The secretary of state upon any such petition being submitted to him for filing shall examine the same, and if upon examination said petition appear to be in proper form and to bear the requisite number of signatures of legal voters . . . the secretary of state shall accept and file said petition in his office . . ."

Section 1, article VI, of the state constitution, as amended at the election in November, 1910, reads as follows:

"All persons of the age of twenty-one years or over, possessing the following qualifications, shall be entitled to vote at all elections: They shall be citizens of the United States; they shall have lived in the state one year, and in the county ninety days, and in the city, town, ward or precinct thirty days immediately preceding the election at which they offer to vote, etc."

The relator argues that all persons meeting the requirements as in this section set forth are "legal voters," entitled to sign initiative and referendum petitions, and calls attention to Rem. Code, § 4971-10,

which provides for the method of certification of petition signatures by the officers, who shall compare them as they appear upon the petitions with those upon the registration books of the precincts where registration is required.

In the instant case, the signatures which it is claimed should be counted are those of persons who possess the qualifications provided in § 1, art. VI, of the state constitution, and who have registered as voters in their various precincts, but who failed to exercise their right to vote at the last general election, and whose names have therefore been stricken in conformity with § 11, ch. 16, Laws of 1915, p. 40:

"If any registered voter shall fail to vote at any state, county or municipal election . . . his registration shall become void, and his name shall be stricken from the registration books . . . Before said voter shall again be allowed to vote, he shall reregister in his proper precinct, as required in cases of original registration." Rem. Code, § 4771-2.

This act was passed in pursuance of the power given the legislature by § 7 of art. VI of the constitution:

"The legislature shall enact a registration law, and shall require a compliance with such law before any elector shall be allowed to vote: *Provided,* That this provision is not compulsory upon the legislature, except as to cities and towns having a population of over five hundred inhabitants. In all other cases the legislature may or may not require registration as a prerequisite to the right to vote, and the same system of registration need not be adopted for both classes."

The constitution and the statute enacted in compliance with its mandate have determined that, in addition to the qualifications of citizenship and residence mentioned in § 1, art. VI, of the constitution, there must be, in cities and towns of over five hundred inhabitants, a registration, in order to make one a legal

voter; registration which has been cancelled for failure to vote being made void by the statute, the certifying officer has no more right to consider the names so stricken than he has to certify the names of all persons in cities and towns of five hundred and over population, who may meet the qualifications of § 1, art. VI, of the state constitution, but who have never registered. The rights and status as voters of those who are qualified and have registered and failed to vote, and those who are qualified but have never registered are the same. The legislature, having the right to provide the means of determining the validity of signatures to initiative and referendum petitions (*State ex rel. Kiehl v. Howell,* 77 Wash. 651, 138 Pac. 286), has said that citizens of cities and towns where registration is required are not "legal voters" if unregistered, and they are unregistered when they have not had their names upon the poll books, or, having had them there, have suffered them to be cancelled by failure to vote; in either case, they cannot exercise the right to petition for the initiation or reference of laws. The rule is sensible, salutary and sound. The respondent was correct in his interpretation of the law, and the writ will be denied. It is so ordered.

HOLCOMB, C. J., BRIDGES, MAIN, and PARKER, JJ., concur.