# SUPPLEMENT.

## Opinion of the Justices to the House of Representatives.

The meaning and scope of the term " legal voters " in arts. 21 and 22 of the Amendments to the Constitution of the Commonwealth are the voters who possess the qualifications prescribed by the Constitution for voters and who have complied with statutory requirements so that they may lawfully cast their votes at an election.

The words, " legal voters," as used in the same articles of Amendments, mean under the present statutes those persons, who, possessing the constitutional qualifications to become voters, have proved them by taking the necessary steps to become duly recorded on lists of registered voters of the several cities and towns.

The General Court, in providing for the enumeration of legal voters, may define those words to mean citizens of the Commonwealth, qualified to vote under the Constitution, who have complied with the laws so that their names are duly recorded on lists of registered voters of the several cities and towns; and, in making such definition, the meaning of the words " legal voters " as found in arts. 21 and 22 of the Amendments to the Constitution would not be changed in any respect, but their significance would be declared in view of existing valid statutes.

THE following order was passed by the House of Representatives on February 11, 1924, and was transmitted to the Justices of the Supreme Judicial Court on February 23, 1924.

WHEREAS, There is pending before the General Court a bill (House, No. 199) providing for the taking of the decennial census in the year nineteen hundred and twenty-five, in pursuance of the provisions of articles 21 and 22 of the Amendments to the Constitution of the Commonwealth, which provide that in said census a special enumeration shall be made of the legal voters, and in each city such enumera-

tion shall specify the number of legal voters aforesaid residing in each ward of such city, and further that the enumeration aforesaid shall determine the apportionment of State representatives and senators by the General Court; and

WHEREAS, Doubt exists as to the meaning and scope of the term " legal voters " as used in said provisions of the Constitution and as also contained in said bill providing for the taking of said census, and as to the power of the General Court to define the term " legal voters," and until said doubt is dispelled by a more authoritative determination of the meaning of said words than now exists the General Court cannot intelligently obey the mandate of the Constitution in providing for the taking of said census and of said enumeration of legal voters; therefore be it

ORDERED, That the opinion of the Justices of the Supreme Judicial Court be required on the following important questions of law: —

1. What is the meaning and scope of the term " legal voters " as used in the articles of the Amendments to the Constitution referred to?

2. Do the words " legal voters " as used in the Constitution mean those persons possessing the qualifications of voters as defined in the Constitution, whether or not duly registered as such; or do they mean those persons who, having such qualifications, have proved them by taking the necessary steps to become duly recorded on lists of registered voters of the several cities and towns?

3. Has the General Court the power, in providing for the enumeration of legal voters, to define those words to mean citizens of the Commonwealth who are duly qualified to vote under the Constitution and laws of the Commonwealth and whose names are duly recorded on lists of registered voters of the several cities and towns?

On March 11, 1924, the Justices returned the following answers:

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in the order of February 11, 1924, transmitted on February 23, 1924.

The first question asks for a definition of the meaning and scope of the words " legal voters " as used in articles 21 and 22 of the Amendments to the Constitution. Those two articles cover the taking the census, the establishment of the number of members of the House of Representatives and of the number of members of the Senate, and the manner of apportionment of the members of each branch of the General Court among and between the several districts according to the relative number of legal voters therein. The first two sentences of these articles are the same and are in these words: " A census of the legal voters of each city and town, on the first day of May, shall be taken and returned into the office of the secretary of the commonwealth, on or before the last day of June, in the year one thousand eight hundred and fifty seven; and a census of the inhabitants of each city and town, in the year one thousand eight hundred and sixty-five, and of every tenth year thereafter. In the census aforesaid, a special enumeration shall be made of the legal voters; and in each city, said enumeration shall specify the number of such legal voters aforesaid, residing in each ward of such city." The rest of article 21 of the Amendments provides for the method of apportionment of the two hundred and forty members of the House of Representatives on the basis of the special enumeration thus required, among the counties and districts of the Commonwealth. The rest of article 22 of the Amendments provides the method of apportionment of the forty members of the Senate on the same basis among the senatorial districts. Neither of these articles specifies the qualifications of "legal voters." Those are found in other provisions. The qualifications of voters as now fixed by the Constitution are that every citizen of the Commonwealth, man or woman, of twenty-one years of age and upwards, except paupers, persons under guardianship and persons disqualified by law because of corrupt practices in respect to elections, who has resided within the Commonwealth one year and within the town or district in which he

claims a right to vote six calendar months next preceding the election, except that in cases of changes of residence within the Commonwealth an existing right to vote shall not be lost until the expiration of six calendar months from such change, and who is able to read the Constitution in the English language and to write his name unless prevented by physical disability or unless entitled to vote on May 1, 1857, shall have a right to vote. *Opinion of the Justices*, 240 Mass. 601, 604.

The right of suffrage is thus defined and its qualifications are specified by the Constitution. The General Court can neither add to nor subtract from these essentials. The Constitution contains no directions as to the method of determining those citizens who possess the qualifications to vote, or as to the means for arranging the details necessary for the orderly conduct of elections. It was early decided that "in all cases, where the Constitution has conferred a political right or privilege, and where the Constitution has not particularly designated the manner, in which that right is to be exercised, it is clearly within the just and constitutional limits of the legislative power, to adopt any reasonable and uniform regulations, in regard to the time and mode of exercising that right, which are designed to secure and facilitate the exercise of such right, in a prompt, orderly and convenient manner. Such a construction would afford no warrant for such an exercise of legislative power, as, under the pretense and color of regulating, should subvert or injuriously restrain the right itself." *Capen* v. *Foster*, 12 Pick. 485, 489. This principle is of indubitable soundness and has been constantly followed.

The Constitution has made no express provision for the ascertainment of those who possess the qualifications prerequisite for voting. Manifestly such an ascertainment must be made before the franchise can be exercised in an orderly and expeditious fashion. There must be an examination of the demands of persons claiming to possess the constitutional qualifications to vote, a sifting out of those who in truth possess those qualifications and a separation of those thus qualified from others who lack such qualifica-

tions.   The names of those thus found to be qualified must, as a practical matter, be listed and arranged so that elections may be conducted with such speed as to enable all the large numbers of voters to exercise their franchise in a reasonable time and under proper conditions.   It is within the jurisdiction of the Legislature to make suitable and wholesome laws upon this subject.   That jurisdiction has been exercised continuously from the adoption of the Constitution until the present.   Elaborate provisions to that end are found in the General Laws.

The inevitable consequence of these settled propositions is that no one is entitled in fact and in law to vote unless he possesses all the qualifications required by the Constitution, and has complied with all reasonable regulations imposed by the General Court to prove his possession of those qualifications and to cause his name to be put on the voting list.   While the Legislature cannot change in any particular the qualifications required to enable one to vote, it may make reasonable rules and regulations for ascertaining those who possess such qualifications.   Such rules and regulations must be observed before one can become a legal voter under the Constitution.

Therefore one is not a legal voter unless he possesses all the constitutional qualifications required to entitle one to be a voter and unless also he has become registered as a voter in accordance with the statutes.   This is manifest from the fact that even though one possesses all the qualifications prescribed by the Constitution as essential to voting, yet he cannot vote unless his name is actually on the voting list as a registered voter.   It is the duty of all election officers to refuse to permit one to vote unless he is duly registered and his name is on the voting list.   The law makes ample provision to enable the citizen possessing the qualifications prescribed by the Constitution as essential for voting to have his name seasonably placed on the voting list.   Complete and swift relief is available to every qualified citizen to get his name upon the voting list.   Legal voters in the natural meaning of the words signify those who can at any moment go to the place of election provided for the district

of their residence and as of right cast their votes, or have their votes received under the laws as to absentee voting. Those words are used in the Constitution in their natural signification. The use of the more modern phrases " qualified voters " and " registered voters " in article 48 of the Amendments to the Constitution has a tendency to confirm the opinion here expressed.

It follows from what has been said that the answers to the several questions set forth in the order are these:

First. The meaning and scope of the term " legal voters " in articles 21 and 22 of the Amendments are the voters who possess the qualifications prescribed by the Constitution for voters and who have complied with statutory requirements so that they may lawfully cast their votes at an election.

Second. " Legal voters," as used in the same articles of Amendments, mean under the present statutes those persons, who, possessing the constitutional qualifications to become voters, have proved them by taking the necessary steps to become duly recorded on lists of registered voters of the several cities and towns.

Third. The General Court in providing for the enumeration of legal voters may define those words to mean citizens of the Commonwealth qualified to vote under the Constitution who have complied with the laws so that their names are duly recorded on lists of registered voters of the several cities and towns. The General Court in making such definition would not change in any respect, the meaning of those words as found in articles 21 and 22 of the Amendments to the Constitution, but would thereby declare their signification in view of existing valid statutes.

ARTHUR P. RUGG.
HENRY K. BRALEY.
CHARLES A. DECOURCY.
JOHN C. CROSBY.
EDWARD P. PIERCE.
JAMES B. CARROLL.
WILLIAM C. WAIT.