[No. 21430.   Department One.   July 30, 1928.]

THE STATE OF WASHINGTON, on the Relation of
Laurence S. Booth et al., Plaintiffs, v. J. GRANT
HINKLE, Secretary of State, Respondent.[1]

[1] CONSTITUTIONAL LAW (2)—AMENDMENT BY INITIATIVE AND REFER-
ENDUM—PUBLICATION OF ARGUMENT FAVORING—REASONABLE TIME.
In view of the seventh amendment to the Constitution, making
its provisions self-executing, and contemplating that arguments
for and against proposed Constitutional amendments shall be
published at least fifty days before the election, the provision
of Rem. Comp. Stat., § 5422, that such arguments shall be filed,
selected and printed in the same manner as provided for
referendum and initiative legislation, was not intended to apply
to the ten and twenty-day limit for filing arguments after
proposal for an initiative and referendum measure filed by the
people; since the same would be unreasonably short for Con-
stitutional amendments proposed by the legislature, and the
seventh amendment and facilitating statutes imply a reason-
able time.

Application filed in the supreme court July 20, 1928,
for a writ of mandamus to compel the secretary of
state to print and distribute an argument upon an in-
itiative measure.   Granted.

Howard A. Hanson, for relators.

The Attorney General and E. W. Anderson, Assist-
ant, for respondent.

PARKER, J.—The relators invoke the original man-
damus jurisdiction of this court praying for a
peremptory writ of mandate requiring the secretary
of state to print in the pamphlet to be issued by him
to the voters of the state, incident to the submission
of a constitutional amendment proposed by the legis-
lature of 1927 relating to revenue and taxation, rela-
tors' argument in support of that proposed constitu-
tional amendment.   The case is submitted to us for

[1]Reported in 269 Pac. 818.

final determination upon the facts alleged in relators' petition, the secretary's demurrer thereto and the arguments of counsel for the respective parties.

The legislature of 1927 passed an act providing for submission to the voters of the state at the general election to be held in November, 1928, an amendment to Art. VII of the state constitution relating to revenue and taxation. Laws of 1927, ch. 180, p. 213. An argument against the proposed amendment has been filed with the secretary, which he will print in the pamphlet to be issued by him incident to the submission of the amendment. On July 14, 1928, relators filed with the secretary an argument supporting the proposed amendment, and requested its printing in the pamphlet to be issued by the secretary incident to the submission of the amendment. Relators deposited with the secretary the sum of $400, that being sufficient money and the amount estimated by the secretary to cover the increased cost of paper, printing and binding of their argument, which will not exceed two pages of the pamphlet. The pamphlet has not yet been printed, and the secretary can cause relators' argument to be printed therein, without causing him any undue delay in printing and distributing it to the voters, or causing him any serious inconvenience in performing the duties of his office. The secretary has refused to cause relators' argument to be printed in the pamphlet for the sole reason, as it is argued by his counsel, the *Attorney General,* that it was not presented to him or filed in his office within the time prescribed by law.

Our constitutional provisions here to be noticed are the following:

Section 1, of Art. XXIII, of the constitution, reads:

"Any amendment or amendments to this constitution may be proposed in either branch of the legis-

lature; and if the same shall be agreed to by two-thirds of the members elected to each of the two houses, such proposed amendment or amendments shall be entered on their journals, with the ayes and noes thereon, and be submitted to the qualified electors of the state for their approval, at the next general election; and if the people approve and ratify such amendment or amendments, by a majority of the electors voting thereon, the same shall become part of this constitution, and proclamation thereof shall be made by the governor: *Provided,* That if more than one amendment be submitted, they shall be submitted in such a manner that the people may vote for or against such (each) amendment separately. The legislature shall also cause the amendments that are to be submitted to the people to be published for at least three months next preceding the election, in some weekly newspaper, in every county where a newspaper is published throughout the state."

Section 1 of the seventh amendment to the constitution, while vesting legislative power in the senate and house of representatives, also reserves legislative power in the people to be exercised by initiative and referendum. Following general provisions touching the manner of exercising the initiative and referendum power, that section concludes:

" . . . This section is self-executing, but legislation may be enacted especially to facilitate its operation.

"The legislature shall provide methods of publicity of all laws or parts of laws, and amendments to the constitution referred to the people with arguments for and against the laws and amendments so referred, so that each voter of the state shall receive the publication at least fifty days before the election at which they are to be voted upon."

This amendment is supplemental to the provisions of § 1, Art. XXIII, above quoted, in so far as it has reference to publication of proposed amendments and

arguments for and against such amendments; it manifestly being recognized in its adoption that it was not necessary to provide expressly for a referendum looking to amendments to the constitution, since referendum was by the language of § 1, Art. XXIII, already the prescribed method of amending the constitution.

After the adoption of the seventh amendment to the constitution, the legislature passed an act, and subsequently some amendments thereto, to facilitate the operation of that amendment. These facilitating statutes, in so far as we need here notice their language, referring to sections of Rem. Comp. Stat., are the following:

"§ 5422. The person, persons, committee or organization filing any initiative or referendum petition proposing a measure, or ordering a referendum for submission to the people, and any other citizen or committee or organization of citizens shall have the right at the time of filing such petition or within ten days after such petition has been accepted and filed, to file with the secretary of state for printing and distribution arguments advocating the proposed measure or referendum, and any citizen or committee or organization of citizens may, within twenty days after such petition has been accepted and filed, file an argument in opposition to such measure or referendum for printing and distribution, . . . Each such argument either for or against the measure shall not exceed two pages of the pamphlet hereinafter required to be published by the state and shall contain the serial designation and number of the measure and state the name of the person or organization advancing it. The person or organization filing such argument shall at the time of filing the same deposit with the secretary of state sufficient money, the amount to be estimated by the secretary of state, to cover the increased cost of paper for the printing and binding of such argument . . . Arguments for and against bills passed and referred to the people by the legislature, including amendments

to the Constitution proposed by the legislature, shall be filed, selected and printed in the same manner.

"§ 5423.   At least sixty days prior to any election at which any initiative or referendum measure is to be submitted to the people, the secretary of state shall cause to be printed in pamphlet form a true copy of the serial designation and number, the ballot title, the legislative title, the full text of and the argument for and arguments against each such measure, including amendments to the Constitution proposed by the legislature, to be submitted to the people in the foregoing order, and shall cause all of such measures to be printed and bound in a single pamphlet in the following order: First, those 'Proposed by Initiative Petition'; second, those 'Proposed to the People by the Legislature'; third, those 'Proposed to the Legislature and Referred to the People'; fourth, those 'Initiated by Petition and Alternative by the Legislature'; fifth, 'Amendments to the Constitution Proposed by the Legislature';  .  .  .   The cost of printing and binding such pamphlets shall be paid from the money appropriated for printing for the secretary of state: *Provided,* The increased cost of printing and binding such arguments shall be paid from the moneys deposited to cover the same  .  .  .

"§ 5425.   Not less than fifty-five days before any election at which initiative or referendum measures are to be submitted to the people, the secretary of state shall transmit, by mail with postage fully prepaid, to every voter in the state whose address he has, or can with reasonable diligence ascertain, one copy of the pamphlet hereinabove provided for,  .  .  ."

We are not concerned with the three-months' notice of proposed amendments to the constitution to be published in newspapers as prescribed by Art. XXIII. We are here concerned with the publication of arguments for and against proposed amendments to the constitution.   In this connection, we are to take note that § 1 of the seventh amendment, above quoted from, is by its express terms self-executing, and that that

15—148 WASH.

amendment clearly contemplates that arguments for and against proposed constitutional amendments shall be published at least fifty days before the election at which they are to be voted upon. We also note that the ten and twenty-day limitation for filing with the secretary arguments for and against an initiative or referendum measure, as prescribed by § 5422 of the statute, relates only to initiative and referendum measures proposed by voters, and not to referendum measures proposed by the legislature. There is no express provision in the facilitating statute prescribing the time within which arguments for and against a proposed constitutional amendment shall be filed with the secretary of state to entitle those making such arguments to have them printed in the pamphlet to be issued by the secretary.

[1] It is contended on behalf of the secretary that the last-above quoted portion of § 5422, that,

"Arguments for and against bills passed and referred to the people by the legislature, including amendments to the Constitution proposed by the legislature, shall be filed, selected and printed in the same manner,"

has reference to the time, as well as the manner, of filing and printing the arguments in the pamphlet for and against proposed constitutional amendments. There is seemingly some technical ground for this argument, though we think the spirit and letter of the seventh amendment to the constitution and these statutory provisions are against such contention. As already noticed, the time of filing arguments, ten days and twenty days, as prescribed by § 5422, relates only to initiative and referendum measures which the voters themselves may propose for submission, and not to measures which the legislature may propose for submission.

The ten and twenty-day limit may be considered as not unreasonably short for the preparation of argument for and against measures proposed by the large number of voters required to effectually petition for the submission of any such measure. Rem. Comp. Stat., § 5407, [P. C. § 2760]. But such a limitation of time upon the filing of arguments for and against proposals made by the legislature, it seems to us, is so manifestly unreasonably short that such a limitation should not be sanctioned by the court in the absence of express legislative declaration to that effect. So we are of the opinion that the concluding language of § 5422, above quoted, providing that measures referred to the people by the legislature, including amendments to the constitution, "shall be filed, selected and printed in the same manner," does not mean within the same time as the limited time for the filing of arguments for and against initiative or referendum measures proposed by the people.

In *State ex rel. Case v. Superior Court,* 81 Wash. 623 (632), 143 Pac. 461, Ann. Cas. 1916B 838; and *State ex rel. Howell v. Superior Court,* 97 Wash. 569 (577), 166 Pac. 1126, we made observations expressing our conviction that these initiative and referendum constitutional and statutory provisions should be liberally construed, to the end that these popular legislative rights of the people should be preserved and rendered effective. It is true, as we are reminded by counsel for the secretary, that in *State ex rel. Kiehl v. Howell,* 77 Wash. 651, 138 Pac. 286, referring to the seventh amendment to the constitution and these facilitating statutory provisions, we said:

"While the constitutional amendment is declared to be self-executing, it is apparent that its execution would be almost, if not wholly, impracticable without legislation of some such nature as this."

It seems to us, however, that as to the mere want of express legislation touching the time within which arguments may be filed with the secretary for and against proposed constitutional amendments to call for the printing in the pamphlet to be sent out to the voters, we should hold that the seventh amendment to the constitution and the facilitating statutes imply a reasonable time. This is not a matter, as we have seen, which involves any expense whatever to the state. This feature of the facilitating statute was given effect in *State ex rel. Chamberlain v. Howell*, 80 Wash. 692, 142 Pac. 1. We see no convincing argument against its being done as here demanded by relators, other than the extremely technical argument that the ten and twenty-day limitation prescribed with reference to the filing of arguments for and against measures proposed by the voters is impliedly applicable to constitutional amendments proposed by the legislature. So we are of the opinion that arguments shall be presented and filed within a reasonable time; and that this argument has been so presented and filed, as here appears; since it is apparent that the sixty-day limitation preceding the day of election, as prescribed by § 5423, above quoted, is even yet considerably more than a month ahead of us. We conclude that relators are entitled to a writ of mandate requiring the secretary to publish their argument in support of the proposed constitutional amendment as prayed for by them. It is so ordered.

FULLERTON, C. J., BEALS, TOLMAN, and MITCHELL, JJ., concur.